**Barry Craig SOTHERLAND, Plaintiff–Appellant,**

**v.**

**Kevin MYERS; Donal Campbell, Warden; J. Spice; Jim Rose, Warden, Defendants–Appellees.**

No. 01–6438.

United States Court of Appeals, Sixth Circuit.

June 25, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; and STEEH, District Judge.[*]

### ORDER

Barry Craig Sotherland appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. § 1983. Sotherland's appeal has been referred to a panel of this court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is

---

[*] The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

not needed in this case. Fed. R.App. P. 34(a).

Sotherland alleged that the defendants had violated his constitutional rights while he was incarcerated in a Tennessee prison, by denying his right to due process in a disciplinary hearing in which he was found guilty of possessing contraband. The district court dismissed the case on October 19, 2001, and it is from this judgment that Sotherland now appeals.

We review the dismissal of this case de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Dismissal was appropriate because Sotherland's complaint did not raise a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) *and* 1915A.

■ Sotherland primarily alleged that he was denied due process because he was not allowed to call a witness or submit an affidavit at his disciplinary hearing. The district court properly rejected this claim because it did not involve an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The disciplinary board did not order the loss of accumulated good-time or sentence credits, and Sotherland has not shown that its decision affected the overall duration of his sentence. Thus, he has not shown that he had a protected liberty interest that gave rise to more extensive due process protections. *See id.* at 485–87, 115 S.Ct. 2293; *Jones v. Baker,* 155 F.3d 810, 812–13 (6th Cir.1998).

■ Sotherland now argues that the board's recommendation of a "job drop" resulted in a lost opportunity to receive prospective sentence credits for working. This argument fails because Sotherland does not have a constitutionally protected right to a prison job. *See Newsom v. Norris,* 888 F.2d 371, 374 (6th Cir.1989). Moreover, the alleged collateral effect of

the disciplinary conviction on his ability to earn future sentence credits is not sufficient to create a constitutionally protected liberty interest. *See Abed v. Armstrong,* 209 F.3d 63, 66–67 (2d Cir.2000).

We have examined Sotherland's other arguments and they are all unavailing.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.